```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

J'ADA ACOY-PENNYFEATHER and GLENFORD  )
WARRICAN, II,                         )
                                      )
          Plaintiffs,                 )
                                      )    Civil No. 13-72
          v.                          )
                                      )
CEP ST. CROIX, LLC; JOSE CRUZ-        )
GONZALEZ; AQUAVAC SERVICES, INC.,     )
                                      )
          Defendants.                 )
                                      )
```

**ATTORNEYS:**

**K. Glenda Cameron**
Christiansted, VI
**Christopher D. Glover**
Montgomery, AL
**Evan Gregory All**
Beasley, Allen, Crow, Methvin, Portis & Miles P.C.
Montgomery, AL
    *For the plaintiffs,*

**Richard H. Hunter**
Hunter, Cole, & Bennett
Christiansted, VI
    *For CEP St. Croic, LLC,*

**Carl A. Beckstedt, III**
**Robert J. Kuczynski**
Beckstedt and Associates
Christiansted, VI
    *For Jose Gonzalez*

**Douglas L. Capdeville**
Christiansted, VI
    *For AquaVac Services, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Aqua Vac Services, Inc. to enforce a settlement agreement.

### FACTUAL AND PROCEDURAL HISTORY

HOVENSA was an oil refinery operating on St. Croix, United States Virgin Islands. The HOVENSA oil refinery was closed in 2012. At all times relevant to this matter, CEP St. Croix ("CEP")possessed a contract to perform various services and provide equipment to clean tanks at the HOVENSA refinery.[1] CEP in turn entered into a subcontract with Aqua Vac Services, Inc. ("Aqua Vac"). Jose Cruz-Gonzalez ("Gonzalez") was an employee of Aqua Vac.

On the morning of February 14, 2013, Gonzalez went to the Chocolate Barbeque restaurant located on St. Croix. While at Chocolate Barbeque, Gonzalez drank an undetermined amount of alcohol. Gonzalez left Chocolate Barbeque in a truck owned by CEP.

Gonzalez drove southbound on Orange Grove Road, Christiansted, St. Croix. Glenford Warrican ("Warrican") and Jada Acoy-Pennyfeather ("Pennyfeather") were in a car traveling northbound on Orange Grove Road. Gonzalez veered into Warrican's

---

[1] It is unclear to the Court whether CEP's contract was with HOVENSA or if CEP was a subcontractor under another entity.

lane and collided with Warrican's vehicle. Pennyfeather and Warrican were injured in the accident.

On May 7, 2013, Warrican and Pennyfeather filed suit in the Superior Court of the Virgin Islands (the "Pennyfeather case"). The Complaint consisted of six different Counts directed at CEP, Aqua Vac, and Gonzalez. On June 28, 2013, the Pennyfeather case was removed to this Court.

On December 17, 2014, Aqua Vac filed a complaint in this Court against CEP's insurer, Certain Underwriters at Lloyd's, London ("Lloyd's")(the "Aqua Vac Action"). In the Aqua Vac Action, Aqua Vac sought a declaration that Lloyd's was obligated to defend Aqua Vac in the Pennyfeather case. *Compl.*, ECF No. 1 at 1, *Aqua Vac Servs., LLC v. Lloyds of London*, Case No. 14-cv-112 (D.V.I. Dec. 17, 2014). Aqua Vac further sought a declaration that Lloyd's would be required to indemnify Aqua Vac for any payments incurred as a result of the Pennyfeather case. *Id.* at 5.

On May 29, 2015, Aqua Vac's insurer, Universal Insurance Company ("Universal") filed a complaint in this Court against Lloyd's (the "Universal Action"). In the Universal Action, Universal sought to establish that Universal would only be required to pay any money to Warrican and Pennyfeather if all of CEP's insurance with Lloyd's had already been expended and the

plaintiffs in the Pennyfeather case were still entitled to additional compensation. *Compl.*, ECF No. 1 at 6, *Universal Ins. Co. v. Certain Underwriters at Lloyd's Subscribing to Policy No. MCP60852*, Case No. 15-cv-40 (D.V.I. May 29, 2015).

On December 28, 2015, the parties in the Pennyfeather case met for a mediation conference before Judge Juan R. Sanchez. As a result of the mediation, the parties settled all disputes in the Pennyfeather case. Judge Sanchez held a judicial proceeding memorializing the settlement. As part of that settlement, the plaintiffs were to receive a sum certain. 50 percent of the sum was to be paid by Lloyd's. 50 percent of the sum was to be paid by Universal. In turn, the plaintiffs in the Pennyfeather case were to dismiss their claims against the defendants with prejudice.[2]

At the judicial proceeding, the attorney for CEP explained how the settlement would affect the Aqua Vac Action and the Universal Action. The attorney for CEP stated:

> "There will in addition be a dismissal with prejudice of, I believe it's -- there will be a dismissal with prejudice of two pending declaratory judgment actions filed against Lloyds Underwriters, with all parties in those cases to bear their respective costs and attorney's fees . . . Any coverage claims against Lloyds will be dismissed with prejudice . . . .

---

[2] The undersigned presides over the Pennyfeather case. The Honorable Wilma Lewis presides over the Aqua Vac Action and the Universal Action.

*Transcript of Settlement*, ECF No. 269. at 2-3, *Acoy-Pennyfeather v. CEP St. Croix, LLC*, Civ. No. 13-cv-72 (D.V.I. Dec. 28, 2015).

On January 22, 2016, the undersigned entered a Judgment in the Pennyfeather case. The Judgment consisted of a single page. It stated that

> On December 28, 2015, the parties informed the Court that this action has been settled. The premises considered, it is hereby
>
> **ORDERED** that the parties' settlement agreement is **APPROVED**; it is further
>
> **ORDERED** that the parties shall comply with the terms of the settlement agreement; it is further
>
> **ORDERED** that the trial setting in this matter is **VACATED**; it is further
>
> **ORDERED** that all pending motions in this case are **MOOT**; it is further
>
> **ORDERED** that this case is **DISMISSED**; it is further
>
> **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

ECF No. 257.

On February 19, 2016, Aqua Vac moved to enforce the settlement agreement in the Pennyfeather case. Aqua Vac also moved for sanctions.[3] Aqua Vac argues that compliance with the

---

[3] Gonzalez has moved to join Aqua Vac's motion.

settlement agreement requires Lloyd's to abandon a motion for sanctions in the Universal Action.

In the Aqua Vac Action, on February 19, 2016, the parties submitted a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). On February 22, 2016, the Court entered an order that stated "UPON CONSIDERATION of the parties' stipulated dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Clerk of Court is hereby directed to mark this case CLOSED." ECF No. 10, *Aqua Vac Servs., LLC v. Lloyds of London*, Case No. 14-cv-112 (D.V.I. Dec. 17, 2014)(capitalization in original).

On February 25, 2016, Lloyd's filed a Motion to Dismiss in the Universal Action. *See Mot. to Dismiss*, ECF No. 21, *Universal Ins. Co. v. Certain Underwriters at Lloyd's Subscribing to Policy No. MCP60852*, Case No. 15-cv-40 (D.V.I. May 29, 2015). The Court has not ruled on the Motion to Dismiss in the Universal Action.

## **DISCUSSION**

It is well established that "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead*

*Corp.,* 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. East Brunswick Bd. of Educ.,* 109 F.3d 896, 901 (3d Cir. 1997).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus,* 94 Fed. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n,* 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay,* 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer,* 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); RESTATEMENT (SECOND) OF CONTRACTS § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id.* Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick,* 25 V.I. 124, 127 (Terr. Ct. 1990).

## **ANALYSIS**

A federal court has the obligation to address a question of subject-matter jurisdiction *sua sponte*. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.,* 905 F.2d 42, 45 (3d Cir. 1990). In the context of a settlement agreement, the Supreme Court has held that a district court does not necessarily retain jurisdiction to enforce a settlement agreement disposing of the matter.

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994), the Supreme Court of the United States explained that jurisdiction could be retained

> if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Kokkonen v. Guardian Life Ins. Co. of America, 511* U.S. 375, 381 (1994).

The Court must determine whether the parties' "obligation to comply with the terms of the settlement agreement," *id.*, in the Pennyfeather case became a part of the January 22, 2016, order. *Kokkoken* speaks of two methods by which that could have

occurred. *See id*. First, a "separate provision" in the order can expressly retain jurisdiction over the settlement. *Id*. The January 22, 2016, order did not include a separate provision explicitly retaining jurisdiction over the parties' settlement.

*Kokkonen* also notes that jurisdiction could be retained if the trial court "incorporat[ed] the terms of the settlement agreement in the order." *Id*. The January 22, 2016, order incorporated no provision of the settlement agreement.

In *In re Phar-Mor, Inc. Secs. Litig.*, 172 F.3d 270 (3d Cir. 1999), the Third Circuit addressed an order similar to this Court's January 22, 2016, order. In that case, "Phar-Mor, Inc. announced that it would take a $350 million accounting charge to cover losses that had resulted from alleged fraud committed by certain Phar-Mor employees." *Id.* at 272. Phar-Mor filed for bankruptcy. *See id*. Dissatisfied investors sued Phar-Mor in district court. *See id*. After three years of litigating the matter, the investors and defendants entered into a settlement agreement. *See id.* at 272. The district court approved the settlement agreement. *See id.* at 272-73. The order approving the settlement agreement read in relevant part:

> AND NOW, this 4th day of August, 1995, . . . it is hereby ORDERED that (1) the settlement documented in the August 4, 1995 Settlement and Release executed on behalf of the Settling Plaintiffs in favor

>           of the Director Defendants and
>           others (the "Settlement") is
>           hereby *approved;* (2) the Director
>           Defendants, Charity Imbrie, Giant
>           Eagle, Inc., Giant Eagle of
>           Deleware, Inc., Corporate
>           Partners, L.P., Corporate Offshore
>           Partners, L.P., and Lazard Freres
>           & Co. are hereby dismissed with
>           prejudice from this lawsuit
>           *pursuant to the terms of the
>           Settlement,* each party to pay its
>           own costs....

*Id.* at 273.

A dispute arose as to whether the defendants had complied with the terms of the settlement agreement. *See id*. Some of the plaintiffs filed an action in an Illinois state court seeking compliance with the settlement agreement. *See id.* The defendants filed a motion in the district court that had approved the settlement agreement. *See id*. "This motion (the "motion to enforce") sought a declaration that the Giant Eagle defendants had satisfied their obligations under the Settlement Agreement and requested that the district court 'enforce' its dismissal order of August 4, 1995." *Id*. The district court granted the motion to enforce. *See id*.

On appeal, the Third Circuit addressed the district court's jurisdiction to hear the motion to enforce. *See id*. The Third Circuit stated that

>           In view of *Kokkonen*, it is clear that the
>           parties' obligation to comply with the

> Settlement Agreement was not made a part of the dismissal order. First, the dismissal order does not contain a provision "retaining jurisdiction" over the Settlement Agreement. Second, the district court did not incorporate the Settlement Agreement or any of its terms, including the most favored nations clause, into the dismissal order. The phrase "pursuant to the terms of the Settlement" fails to incorporate the terms of the Settlement Agreement into the order because "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order."

*Id.* at 274 (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995)). The Third Circuit ruled that the district court lacked jurisdiction to address the motion "[b]ecause the parties' obligation to comply with the Settlement Agreement was not made part of the dismissal order, and the district court did not otherwise possess an independent basis for jurisdiction . . . ." *Id.* at 275.

Here, the Court does not see a material difference between the order in *Phar-Mor* and the Court's January 22, 2016, order. Both orders referenced a settlement agreement with little elaboration. Given the *Phar-Mor* Court read such language as not incorporating the settlement agreement into an order of dismissal, the Court is persuaded that its January 22, 2016, order did not incorporate the settlement agreement. Furthermore, the January 22, 2016, order did not explicitly retain

*Pennyfeather v. CEP*
Civil No. 13-72
Order
Page 12

jurisdiction. The Court is unaware of any independent basis for jurisdiction. As such, the Court does not have jurisdiction to address the motion for sanctions and to enforce the settlement agreement.

The premises considered, it is hereby

**ORDERED** that the Motion for Sanctions and to Enforce Settlement is hereby **DENIED;** and it is further

**ORDERED** that the Motion for Joinder is **MOOT.**

S\_____
**CURTIS V. GÓMEZ
District Judge**